42 Broadway, 12th Floor
New York, New York 10004
Telephone: (800) 933-5620
www.LuchaPorTusDerechos.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Guadalupe Jimenez, individually *and on behalf of others similarly situated*,

                        *Plaintiff*,

    -against-

Borinquen Super Market, Inc. (DBA Borinquen Super Market) and Marco Castillo
                    *Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**Individual Action under 29 U.S.C. § 216(b)**

**ECF Case**

Guadalupe Jimenez, ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Stillman Legal, P.C., upon her knowledge and belief, and as against Borinquen Super Market Inc. (Borinquen Super Market) and Marco Castillo (each an "Individual Defendant" and collectively with "Defendant Corporation", "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a former employee of Defendant Borinquen Super Market.

2.     Defendants owned, operated, and/or controlled one supermarket in the Bronx area of New York. Located at 436 Brook Ave, Bronx, NY 10454 under the name "Borinquen Super Market".

3.     Plaintiffs were employed by Defendants in the Produce section. However, Plaintiff did whatever he was told to do.

1

4. At all times relevant to this complaint, Plaintiff worked for Defendants in excess of 48 hours per week, without appropriate compensation for the hours over 48 per week that he worked. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff appropriately for any hours worked over 48, either at the straight rate of pay, or for any additional overtime premium.

5. Plaintiff now brings this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

6. Plaintiff seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff' state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

9. Guadalupe Jimenez ("Plaintiff Jimenez") is an adult individual residing in Bronx, New York. He was employed by Defendants from January 15 2018 - October 16, 2021.

10. Plaintiff was hired to perform in the Produce section.

11. Plaintiff was working (6) six days per week, (9) nine hours per day with an hour break. For a total of 48 hours per week.

12. Plaintiff was paid $350 every week in cash

*Defendants*

13. At all times, relevant to this complaint, Defendants owned, operated, and/or controlled one supermarket in the Bronx area of New York. Located at 436 Brook Ave, Bronx, NY 10454 under the name "Borinquen Super Market".

14. Defendant Marco Castillo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Marco Castillo is sued individually in her capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

15. Upon information and belief, Defendant Marco Castillo possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

16. Defendant Marco Castillo determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

1. Defendants owned, operated, and/or controlled one supermarket in the Bronx area of New York. Located at 436 Brook Ave, Bronx, NY 10454 under the name "Borinquen Super Market".

2. Upon information and belief, individual Defendants Marco Castillo had operational control over the Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

3. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

4. Each Defendant possessed substantial control over Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

5. Defendants jointly employed Plaintiff, and all similarly situated individuals, and is his (and all similarly situated individuals') employee within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

6. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

7. Upon information and belief, Individual Defendants Marco Castillo operated Defendant Corporation as either an alter egos of themselves, and/or failed to operate Defendant Corporation as entities legally separate and apart from themselves, by, among other things:

a. failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

b. defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

e. operating the Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

f. intermingling assets and debts of his own with the Defendant Corporation;

g. diminishing and/or transferring assets to protect his own interests; and

h. other actions evincing a failure to adhere to the corporate form.

8. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

9. In each year from 2015 to present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Plaintiff*

17. Plaintiff is a former employee of Defendants, who was employed performing a variety of functions at the supermarket such as work in the production section.

*Plaintiff Guadalupe Jimenez*

10. Plaintiff Guadalupe Jimenez was employed by Defendants from on or about January 15, 2018 until October 16, 2021.

11. During this time, Plaintiff Jimenez ostensibly was employed by Defendants as a worker in the production section on the supermarket owned by Defendants.

12. Plaintiff Juan Juarez' work duties required neither discretion nor independent judgment.

13. Plaintiff Jimenez regularly worked more than 40 hours per week.

14. From approximately January, 2018, until his departure in October 2021, Plaintiff Jimenez worked nine (9) hours per day, six (6) days a week (typically 48 hours per week).

15. From approximately January, 2018, until October, 2021, Plaintiff Jimenez was paid a flat rate of $350 per week in cash.

16. Throughout his employment with Defendants, Plaintiff Jimenez was paid in cash.

17. Plaintiff Jimenez pay did not vary even when he was required to stay later or work a longer day than his usual schedule, which happened very frequently.

18. Further, Defendants did not provide Jimenez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

19. No notification, either in the form of posted notices or other means, was given to Plaintiff Jimenez regarding overtime and wages under the FLSA and NYLL.

20. Defendants never provided Plaintiff Jimenez with each payment of wages a statement of wages, as required by NYLL 195(3).

21. Defendants never provided Plaintiff Jimenez, any notice in Spanish (Guadalupe Jimenez' primary language), of his rate of pay, employer's regular pay day, and such other

information as required by NYLL §195(1).

*Defendants' General Employment Practices*

22. Defendants' pay practices resulted in Plaintiff not receiving payments for all his hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

23. Plaintiff has been victim of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages he was owed for the hours he had worked.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

25. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

26. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

27. Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (i) his full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

28. Defendants did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked, and setting forth rate of minimum wage and overtime wage.

29. Plaintiff was paid his wages entirely in cash.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

30. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

31. At all times relevant to this action, Defendants were Plaintiff employers (and employers of the putative FLSA) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

32. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation.

33. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

34. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

35. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

36. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

37. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

38. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

39. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

40. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

41. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

42. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

43. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

44. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

45. Defendants, in violation of the NYLL, paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

46. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

47. Plaintiff were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

48. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

49. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

50. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

51. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

52. Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

53. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

54. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

55. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

56. Plaintiff were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Violation of The Notice and Recordkeeping Requirements Of The New York Labor Law)

57. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

58. Defendants failed to provide Plaintiff with a written notice, in English and in

Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

59. Defendants are liable to each Plaintiff in the amount of $5,000 for these violations together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Violation of The Wage Statement Provisions Of The New York Labor Law)

60. Plaintiff repeat and reallege all paragraphs above as though set forth fully herein.

61. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

62. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(c) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

(e) Awarding Plaintiff damages for the amount of unpaid minimum and overtime

wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(h) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(j) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(l) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

(p)     All such other and further relief as the Court deems just and proper.


Dated: New York, New York
October 20, 2021

Lina F. Stillman, Esq. LF1102
Stillman Legal, PC
42 Broadway, 12th Floor
New York, NY 10004