UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                             :
GUADALUPE JIMENEZ, *on behalf of herself and others*  :
*similarly situated*                                        :
                                             :
                                Plaintiffs,  :
                                             :
            -against-                                    :
                                             :
COFACI FOODS INC. (DBA BORINQUEN SUPER  :
MARKET) *and* LILLIAN CASTILLO,             :
                                             :
                                Defendants.  :
                                             :
------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/2022

1:21-cv-8620-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

      The Court declines to take action with respect to the proposed order to show cause, Dkt. No. 46, because Plaintiff has again failed to comply with the Court's Individual Rules of Practice in Civil Cases, in particular Rule 3(G). This is the second time that the Court has been required to point counsel for Plaintiff to substantial deficiencies in her submissions to the Court. *See* Dkt. No. 44. The renewed proposal is inadequate. Notwithstanding the Court's prior order, it still does not comply with the Court's Individual Rules—for example, counsel has not provided an affidavit with time records supporting the request for attorney's fees. The memorandum of law does not address all of the topics that the Court's Individual Rules require be addressed in it—as outlined in Section 2(b) of Attachment A of the Court's rules. The memorandum presented here does not appear to touch at all on the issues highlighted in sections (b)(i)-(iii). Any memorandum of law supporting a renewed application must address each of those topics.

      Counsel apparently did not so much as proofread her memorandum of law: the table of contents state that the memorandum addresses topics II(A)-(E) and that the memorandum of law is 16 pages long. But the memorandum is only 13 pages long and it does not address all of the topics indicated in the table of contents—its last section heading is II(C). That the memorandum of law is

deficient is apparent from the most glancing review of the document.

Any renewed application for an order to show cause must comply with the Court's Individual Rules, which require, among other things, that counsel provide a memorandum of law addressing all of the issues detailed in Attachment A of the Court's Individual Rules. Counsel must, among other things, also provide an affidavit that presents facts supporting all of the requested damages, and attorney's fees. Counsel is again directed to review and fully comply with the Court's Individual Rules of Practice in Civil Cases. While this should not be necessary, counsel is also directed to proofread her submissions to the Court. The fact that no defendants have appeared in this action does not relieve counsel of her obligation to practice before this Court with the degree of professionalism expected of members of the Court's bar.

The Court expects that any renewed order to show cause would be presented to the Court no later than January 12, 2023. If no adequate application has been submitted by that date, the Court may dismiss this action for failure to prosecute, and/or failure to comply with the Court's prior orders regarding compliance with its Individual Rules.

Plaintiff is directed to serve a copy of this order on all Defendants in this action and to retain proof of service.

SO ORDERED.

Dated: December 20, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge