USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUADELUPE JIMENEZ,

          Plaintiff,

-against-

COFACI FOODS INC. (dba BORIQUEN SUPERMARKET) and LILLIAN CASTILLO,

          Defendants.

21-CV-8620 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter-motion dated September 25, 2024 (Jt. Ltr.) (Dkt. 98), seeking approval of their Settlement and Release Agreement (Sett. Ag.) (Dkt. 98-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015), as well as plaintiff's supplemental letter (Pl. Ltr.) (Dkt. 100) dated October 17, 2024, attaching documentation supporting litigation costs incurred in prosecuting this matter.

    The Court is generally satisfied that the proposed settlement is fair and reasonable to the plaintiff. However, one discrepancy remains. The Settlement Agreement requires defendants to pay a total of $28,000, out of which $10,240.32 will go to plaintiff's counsel. *See* Jt. Ltr. at 1, 4; Sett. Ag. ¶¶ 1, 3. The contingency agreement between plaintiff and Stillman Legal, P.C. requires plaintiff to pay legal fees equal to "33.33% of any and all sums recovered either as a result of trial or by way of settlement[.]" Contingency Ag. (Dkt. 98-4) at 1. 33.33% of $28,000 is $9,332.40. According to the parties' joint letter, the remaining $906.99 earmarked for counsel represents "actual litigation expenses incurred." Jt. Ltr. at 4. However, when the Court requested documentation of these expenses (*see* Dkt. 99), plaintiff submitted invoices (for service of process) totaling only $206.00. Pl. Ltr. at ECF pp. 3, 5, 7. Although the Court can take judicial notice of the $402.00 filing fee paid in this action, *see Jerstad v. New York Vinters LLC*, 2019 WL 6769431,

at *6 (S.D.N.Y. April 27, 2020), there is still a gap of $298.99 between the documented expenses ($206.00 + $402.00) and the amount to be paid to counsel for expenses ($906.99).

Consequently, the Court cannot approve the Settlement Agreement in its present form. *See* Order dated July 25, 2024 (Dkt. 89) at 2 ("Any proposed award of fees and costs must be . . . supported by copies of . . . time *and expense records*, properly authenticated") (emphasis added); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020) ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs."); *cf. Jerstad v. New York Vinters LLC*, 2019 WL 6769431 at *6 (S.D.N.Y. April 27, 2020) (taking judicial notice of the filing fee, but denying any additional costs for lack of adequate documentation). Nor can the Court modify the Settlement Agreement to eliminate the unsupported portion of the expense award. *See Fisher*, 948 F.3d at 600 ("If a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement[.]").

The parties, however, are free to amend their agreement. If they wish to do so here – and thereby eliminate the unsupported portion of the expense award – they may file an appropriate stipulation, no later than **November 7, 2024**, setting forth the necessary changes to the Settlement Agreement and signed by counsel for all parties.

Dated: New York, New York
      October 24, 2024           SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**