```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUADELUPE JIMENEZ,

    Plaintiff,

-against-

COFACI FOODS INC. (d/b/a BORINQUEN SUPERMARKET) and LILIAN CASTILLO,

    Defendants.

21-CV-8620 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    Attorney Matthew Cohen, of the law firm Kaufman Dolowich LLP, has moved *ex parte*, pursuant to Local Civ. R. 1.4, to be relieved as counsel for defendants Cofaci Foods Inc. (d/b/a Borinquen Supermarket) and Lillian Castillo.[1] For the following reasons, the Court DENIES the motion without prejudice to renewal in compliance with Rule 1.4 and this Order.

## **Background**

    Discovery in this wage and hour action closed on May 1, 2024. (Dkt. 80.) Thereafter, the parties requested a retroactive extension of time for discovery and a referral to mediation. (Dkt. 82.) By Order dated May 9, 2024, the Hon. Jessica G. L. Clarke, United States District Judge, denied the parties' untimely request for a discovery extension and referred them to the Court's Mediation Program. (Dkt. 83.) The parties attended a mediation conference and were able to reach a settlement agreement. (Dkts. 85, 86.) Thereafter, on July 23, 2024, they unanimously consented to my jurisdiction in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkts. 87, 88.)

    On September 25, 2024 – after requesting and receiving three extensions of their time to do so – the parties submitted a letter-motion (Dkt. 98) seeking approval of their attached Settlement

---

[1] Cohen styles his letter-motion as seeking leave for the "firm" to be relieved as counsel for defendants. The Court construes the motion as made on behalf of all three of defendants' counsel of record in this action: Cohen, Amanda Slutsky, and Erika Rosenblum.

and Release Agreement (Dkt. 98-1) (Sett. Ag) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Their agreement was signed and dated by plaintiff and defendants. Upon reviewing the parties' submission, however, the Court noted a $906.99 discrepancy between the amount to be paid to plaintiff's counsel pursuant to the Settlement Agreement, *see* Sett. Ag. ¶¶ 1, 3, and the attorneys' fee award (capped at 33.33%) contemplated in plaintiff's Contingency Agreement. (Dkt. 98-4 at 1.) By Order dated October 10, 2024, the Court noted that the surplus could represent "actual litigation expenses incurred," in which case, the Court directed the parties to "submit adequate documentation supporting the expenses underlying the proposed award to counsel." (Dkt. 99.)

On October 17, 2024, Lina Stillman, Esq., counsel for plaintiff, submitted a supplemental letter attaching documentation for certain litigation expenses actually incurred, in the amount of $206.00. (Dkt. 100.) By Order dated October 24, 2024 (10/24/24 Order) (Dkt. 101), the Court explained that while it was "generally satisfied that the proposed settlement is fair and reasonable," it was unable to approve the Settlement Agreement as submitted, because of the remaining gap between the documented expenses (which the Court calculated at $608.00, including the expenses documented by attorney Stillman and the $402.00 filing fee paid in this action) and the amount to be paid to counsel for expenses ($906.99). 10/24/24 Order at 1-2. Consequently, the Court gave the parties until November 7, 2024 to amend their agreement to eliminate the unsupported portion of the expense award. *Id*. at 2.

On November 11, 2024, Stillman filed a letter-motion seeking a "brief extension" to file an amended settlement agreement, citing "unforeseen delays in obtaining necessary signatures from all the parties." (Dkt. 102.) The Court granted the extension. (Dkt. 103.) Then, on December 18, 2024, Stillman requested an additional extension to January 15, 2025, to finalize and execute

the amended settlement agreement, noting that certain of defendant's signatories were unavailable due to the holidays. (Dkt. 104.) Attached to counsel's December 18, 2024 letter-motion was a copy of an Amended Settlement and Release Agreement signed only by plaintiff. Again, the Court granted the extension. (Dkt. 105.)

To date, no fully-executed amended settlement agreement has been submitted. Instead, on January 15, 2025 (the last deadline for filing the amended settlement agreement), attorney Cohen submitted a letter-application, (1/15/25 Def. Ltr.) (Dkt. 106), seeking permission to file his withdrawal application under seal, accompanied by the withdrawal application itself, which was placed under temporary seal at the *ex parte* level. (Dkt. 107.) The publicly-filed sealing application discloses only that the firm seeks an order "relieving Kaufman Dolowich LLP as counsel for Defendants and staying this matter for 30 days to afford Defendants an opportunity to find new counsel." 1/15/25 Def. Letter at 1. Plaintiff has not filed any opposition.

Insofar as it appears from the record, defendants' counsel have not served their clients with either their withdrawal motion or their sealing motion.

**<u>Analysis</u>**

I am unable to grant the motion for leave to withdraw on the present record.

First, there is no indication that the withdrawal motion has been served upon defendants themselves, as required by Local Civil Rule 1.4. *See Luxwear Ltd. v. Adaptiv Rsch. & Dev. Grp.*, 2023 WL 3010397, at *1 (S.D.N.Y. Mar. 28, 2023), *adhered to on denial of reconsideration,* 2023 WL 3011912 (S.D.N.Y. Mar. 30, 2023) (denying withdrawal motion in part on this basis).

Second, moving counsel have not stated whether they are asserting a retaining lien, as also required by the express terms of Rule 1.4. *See Luxwear*, 2023 WL 3010397, at *1 (denying withdrawal motion in part on this basis).

Third, "the publicly-filed motion papers do not describe the reasons for counsel's withdrawal request, even in summary terms[.]" *Luxwear*, 2023 WL 3010397, at *1, 2023 WL 3011912, at *1 (noting that "opposing counsel are entitled to know the basis for the motion" even if the details are sealed); *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("The plaintiffs are hereby informed . . . as the relevant case law indicates they should be, that the basis for [counsel's] motion to withdraw is a dispute regarding AHRMA's failure to pay its legal bills.").

Fourth, moving counsel have not satisfied the evidentiary requirements of Rule 1.4, which states that a withdrawal order "may be granted only upon *a showing by affidavit or otherwise* of satisfactory reasons for withdrawal." (Emphasis added.) Counsel's *ex parte* submission consists only of an unsworn letter, which does not meet this requirement.

The Court further notes that, while lack of communication from the client and non-payment of fees can provide adequate grounds for withdrawal, when properly documented,[2] there is often no need for sealing orders in such cases, because there is no need for withdrawing counsel to reveal attorney-client confidences, the substance of attorney-client disagreements, or other unduly prejudicial facts. If sealing is required, only the genuinely sensitive details should be withheld from public view. *See White v. Advanced Cardiovascular Diagnostics, PLLC*, 2023 WL 2163777 (E.D.N.Y. Feb. 22, 2023) (noting that one way for counsel to comply with their obligation to "sufficiently articulate the basis for the withdrawal, while at the same time not divulging

---

[2] *See, e.g.*, *Munoz v. City of New York*, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (law firm showed "good cause for withdrawal based on [inter alia] the lack of communication with the plaintiff"); *S.E.C. v. Gibraltar Glob. Sec., Inc.*, 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015) ("Non-payment of legal fees constitutes a "satisfactory reason" for allowing withdrawal") (collecting cases); *accord Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (collecting cases).

confidential or privileged communications or otherwise caus[ing] prejudice to the client," is to "provide *more detail* on an *ex parte* basis so as to avoid unnecessarily divulging any confidential *specifics*") (emphasis added).

## **Conclusion**

Counsel's motion for leave to withdraw (Dkt. 107) is DENIED without prejudice to renewal, in accordance with Local Civ. R. 1.4 and this Order, no later than **February 11, 2025**.

The motion for leave to file the motion for leave to withdraw under seal (Dkt. 106) is GRANTED. However, should defendants' counsel renew their withdrawal motion:

1. Their publicly-filed moving papers must state the reasons for the withdrawal request and must be supported by admissible evidence (*e.g.*, a declaration) setting forth the underlying facts.

2. "Where necessary to preserve the confidentiality of the attorney-client relationship," *Team Obsolete*, 464 F. Supp. 2d at 165, counsel may redact the underlying factual detail from the publicly-filed version of their supporting declaration, and may file the unredacted version under electronic seal (at the "*ex parte*" level).

3. In their publicly-filed moving papers, counsel must also state whether they are asserting a retaining lien.

4. Before filing their renewed motion, counsel must serve (i) the unredacted version of their motion papers and (ii) this Order upon defendants, and promptly file proof of such service on ECF.

5. If defendants wish to respond to counsel's renewed motion for leave to withdraw, they may do so in the form of an original letter (with an ink signature) delivered to the Court by mail, courier, or overnight delivery service, addressed to:

>Chambers of the Hon. Barbara Moses
>United States Magistrate Judge
>United States Courthouse
>500 Pearl Street
>New York, NY 10007

6. Defendants' letter must include **the name and docket number of this case**, and **must be delivered to the Court within one week (7 calendar days) after defendants are served with counsel's motion papers**. Defendants must also serve a copy of their response on attorney Cohen (at the same time they submit that response to the Court), but need not serve a copy on plaintiff.

7. Any other objections or responses to the renewed withdrawal motion must be submitted to the Court **within one week (7 calendar days) after the motion is filed**.

The Court will determine whether a hearing or conference is necessary upon receipt of the renewed motion and any responses thereto. *See Luxwear Ltd. v. Adaptiv Rsch. & Dev. Grp.*, 2023 WL 3011912, at *2-3 (S.D.N.Y. Mar. 30, 2023).

In the event defendants' counsel do not renew their withdrawal motion, they must, no later than **February 11, 2025** *either* (a) submit a fully-executed amended settlement agreement to the Court for *Cheeks* approval, or (b) submit, jointly with plaintiff, their proposed Joint Pre-Trial Order in accordance with Moses Ind. Prac. § 1.5.

The Clerk of Court is respectfully directed to close the motions at Dkts. 106 and 107.

Dated: New York, New York         SO ORDERED.
       January 28, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**