USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/1/26__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUADALUPE JIMENEZ,

       Plaintiff,

   -against-

COFACI FOODS INC. and LILLIAN
CASTILLO,

       Defendants.

21-CV-8620 (BCM)

**ORDER APPROVING
SETTLEMENT**

**BARBARA MOSES, United States Magistrate Judge**.

In a joint letter-motion dated October 10, 2025 (Joint Letter) (Dkt. 138), the remaining parties to this action,[1] brought under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), seek approval of their fully executed Settlement and Release Agreement (Settlement Ag.) (Dkt. 138-2), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015). The parties agreed to the material terms of their settlement during a Court-annexed mediation on July 10, 2024. *See* Dkt. 85. Thereafter, they consented to my jurisdiction for all purposes. *See* Dkt. 88.

I find that the terms of the Settlement Agreement, both financial and non-financial, are fair and reasonable, as required by *Cheeks*, 796 F.3d at 199. Plaintiff alleges that defendants Cofaci Foods Inc., which operated the supermarket where plaintiff worked in the produce section, and Lillian Castillo, who was an "owner, officer and/or agent" of the corporate defendant and was responsible for determining employee compensation, failed to pay her minimum and overtime wages, and committed other violations of the FLSA and NYLL, throughout her employment from January 15, 2018, to October 16, 2021. *See* FAC ¶¶ 1-5, 9-18, 26-38, 47-79. Defendants deny that there were any violations and aver that "plaintiff was paid appropriately" throughout her

---

[1] Two additional defendants were named in plaintiff's original Complaint (Dkt. 1), but were dropped from the First Amended Complaint (FAC) (Dkt. 23), filed on March 16, 2022.

employment. *See* Answer (Dkt. 72) ¶¶ 47-79; Joint Letter at 2. However, defendants concede that their "lack of records to substantiate their wage payments . . . weighs in favor of settlement." Joint Letter at 2.

For settlement purposes, plaintiff calculates her "maximum potential recovery . . . [for] unpaid minimum wages, overtime premiums, spread of hours pay, and statutory damages" as approximately $38,590. Joint Letter at 3. Under the Settlement Agreement, defendants will pay plaintiff $28,000 (the Settlement Sum), in twelve monthly installments commencing within 30 days of this Order. Settlement Ag. ¶¶ 1, 3. Plaintiff herself will receive $18,055.67, with the remaining $9,944.33 going to her counsel to cover attorney's fees and expense reimbursement. *Id*. ¶ 3; *see also* 4/30/26 Letter (Dkt. 140) (reducing the portion of the Settlement Sum allocated to counsel in recognition that one of the expenses originally claimed was not in fact incurred).[2]

The Settlement Sum is fair, particularly given the numerous "disputed facts and legal issues" underlying this case, as well as the lack of written records. Joint Letter at 2-3. The attorney's fee allocation (representing one-third of the gross Settlement Sum plus reimbursement for counsel's actual out-of-pocket expenses) is also fair, as it is consistent with the contingency agreement that plaintiff signed (Dkt. 138-5), is below counsel's lodestar, as revealed by the contemporaneous timesheets submitted (Dkt. 138-4), and is not excessive.

I note as well that during the Court-annexed mediation, the settlement terms were negotiated at arm's length, before a neutral, by competent counsel on both sides. Further, the Settlement Agreement does not include any confidentiality clause, and "[a]s required in this Circuit, the non-disparagement clause includes a carve-out for truthful statements about plaintiffs'

---

[2] The Court leaves it to the parties to recompute the exact sums payable to plaintiff and to her counsel each month (*see* Settlement Ag. ¶ 3) in light of the expense reduction.

experience litigating [her] case." *Lira v. J.S.H. Rest. Corp.*, 2018 WL 11602940, at *2 (S.D.N.Y. Sept. 28, 2018) (internal quotations and citation omitted); *see* Settlement Ag. ¶ 8. I therefore conclude that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Perossio v. Pure Growth Consulting, LLC*, 2023 WL 1368002, at *2 (S.D.N.Y. Jan. 31, 2023) (quoting *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

Accordingly, the parties' letter-motion at Dkt. 138 is GRANTED and the Settlement Agreement, as amended by the 4/30/26 Letter, is APPROVED as fair and reasonable. The parties are directed to submit their stipulation of dismissal within seven days after the conditions described in the Settlement Agreement are met. *See* Settlement Ag. ¶ 2.

Dated: New York, New York
      May 1, 2026

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3